GAUDIN, Judge.
Plaintiff, Arrow Construction Company, Inc., brought this action against Newsome’s Demolishing Company, Inc., for rental of dragline equipment.
Following an adverse district court judgment, Newsome lodged this appeal, contending primarily that the trial judge erred in: (1) allowing Arrow to file a supplemen *96 tal and amended petition; and (2) applying a three-year prescriptive period rather than a one-year prescription. We find no merit in these or any other of appellant’s lesser arguments.
Arrow and Newsome entered into a formal contract whereby Arrow would provide a dragline to be used in demolition of a building in Baton Rouge. It was orally agreed that Newsome and not Arrow would furnish the machine’s operator.
Following completion of the demolishing job, there was a concursus proceeding in the 19th Judicial District Court. Arrow tried to enforce its claim but was unsuccessful because, in the opinion of Judge Melvin Shor-tess, it was a charge for rental equipment and expressly excluded from the lien provisions of the Public Contracts statutes.
Subsequently, Arrow filed the instant suit in the Orleans Civil District Court. This was met by Newsome’s exception based on LSA-C.C. Art. 3534, which sets a one-year prescription for wages of workmen, laborers and servants.
The petition stated:
. . petitioner and defendant entered into a construction contract, a copy of which is attached hereto, whereby the petitioner obligated itself to demolish a building . . . ”
Further,
“Petitioner complied with its part of the obligation and submitted its statement in accordance with ‘dragline statements’ totaling $3,564.20 ...”
The trial judge, perhaps feeling that the petition was somewhat vague, sustained the exception of prescription but he allowed Arrow to amend. This was in direct accord with this State’s longstanding liberality with regard to amendment.
Arrow did file a supplemental petition, stating therein its equipment rental claim in precise terms.
We are of the firm opinion that the trial judge had authority under LSA-C.C.P. Art. 932 to permit the amended petition. Also, the interests of justice were well served. Newsome had defeated Arrow’s claim in the concursus proceeding by arguing that it was for rental of equipment and not for wages; and in Orleans, Newsome was trying to defeat Arrow’s claim by contending that it was for wages and not for dragline rental.
From the pleadings, evidence and testimony, this claim is distinctly for rental equipment, and clearly falls under LSA-C.C. Art. 3538, prescribing after three years. The petition in Orleans, therefore, was timely filed.
A review of the record shows no error, and we affirm the trial court’s judgment at appellant’s cost.

AFFIRMED.